IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 8:04CR262 |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | TENTATIVE FINDINGS |
| BRANDY K. BRENTON, | ) ) ) | |
| Defendant. | ) | |

The Court has received the Revised Presentence Investigation Report ("PSR") and the Defendant's objections thereto (Filing No. 78). The Court has also reviewed the Defendant's motion for downward departure and the supporting brief (Filing Nos. 79, 80). *See* Order on Sentencing Schedule, ¶ 6. The Court advises the parties that these Tentative Findings are issued with the understanding that, pursuant to *United States v. Booker,* 2005 WL 50108 (U.S. Jan. 12, 2005), the sentencing guidelines are advisory.

**Objections to PSR**

The Defendant objects to the following portions of the PSR:

1. ¶¶ 9 and 10, which are part of the prosecutors' version of the offense. The objections are denied, as the Court is not at liberty to change a party's version of the offense.

2. ¶ 12 - the amount of 1.3 kilograms of cocaine. The objection is denied, as the Court is not at liberty to change information found in investigative reports.

3. ¶¶ 17, 33 - absence of a downward adjustment for acceptance of responsibility. The objection is denied. The Defendant has not admitted her conduct

pursuant to U.S.S.G. § 3E1.1 and the accompanying application notes in a defense version of the offense or otherwise.

4. ¶ 39 - to the criminal history point assessed pursuant to U.S.S.G. § 4A1.1(c), arguing that the offense was committed when the Defendant was 18 years old and that it was an infraction. The objection is denied. The criminal history point was properly assessed under § 4A1.1. The Court adds that offenses committed "prior" to the age of 18 are considered juvenile offenses for guideline purposes, and these offenses are addressed in the application notes to § 4A1.1. Finally, the Court agrees with the probation officer that the label a state system places on an offense, i.e. infraction, bears no application to the federal guideline criminal history point computation. *See* U.S.S.G. § 4A1.1 & application notes.

5. Over representation of criminal history. This issue will be discussed in conjunction with the Defendant's motion for downward departure.

***Motion for Downward Departure***

The Defendant raises two grounds: acceptance of responsibility and over representation of criminal history. The acceptance of responsibility issue is not an issue for downward departure; rather, this issue should be and was discussed with respect to the guideline calculation. The motion is denied with respect to this issue.

However, the Court will hear the motion with respect to over representation of criminal history at the sentencing hearing.

IT IS ORDERED:

1. The Defendant's Objections to the Revised Presentence Investigation Report (Filing No. 78) are denied;

2.     Otherwise the Court's tentative findings are that the Revised Presentence Investigation Report is correct in all respects;

3.     The Defendant's motion for downward departure (Filing No. 79) will be heard at the sentencing hearing.

4.     If **any** party wishes to challenge these tentative findings, the party shall immediately file in the court file and serve upon opposing counsel and the Court a motion challenging these tentative findings, supported by (a) such evidentiary materials as are required (giving due regard to the requirements of the local rules of practice respecting the submission of evidentiary materials), (b) a brief as to the law, and (c) if an evidentiary hearing is requested, a statement describing why an evidentiary hearing is necessary and an estimated length of time for the hearing;

5.     Absent submission of the information required by paragraph 3 of this Order, my tentative findings may become final; and

6.     Unless otherwise ordered, any motion challenging these tentative findings shall be resolved at sentencing.

DATED this 22nd day of July, 2005.

BY THE COURT:

S/ Laurie Smith Camp
United States District Judge