FILED
U.S. DISTRICT COURT
DISTRICT OF NEBRASKA

06 MAY -4 PM 2: 12

OFFICE OF THE CLERK

# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

No. 05-3282

| | |
|---|---|
| United States of America, | |
| Plaintiff-Appellee, | 8:04CR262 |
| v. | Appeal from the United States District Court for the District of Nebraska. |
| Brandy K. Brenton, | |
| Defendant-Appellant. | [UNPUBLISHED] |

Submitted: February 16, 2006
Filed: February 22, 2006

Before LOKEN, Chief Judge, LAY and SMITH, Circuit Judges.

PER CURIAM.

## I. BACKGROUND

In May 2004, a federal grand jury returned a two-count indictment charging Brandy Brenton with conspiracy to distribute or possess with intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 846, and possession with intent to distribute less than 500 grams of cocaine, in violation of 21 U.S.C. § 841(a)(1).

RECEIVED

MAY 0 4 2006

CLERK
U.S. DISTRICT COURT
OMAHA

On March 29, 2005, the district court[1] denied Brenton's request for a continuance. On the day of trial, Brenton again requested a continuance because, she claimed, the relationship between her and her attorney had substantially deteriorated. The district court also denied this request.

Trial commenced on April 21, 2005. On direct examination, the government introduced certain documents recovered from Brenton's home through Officer Lang of the Omaha Police Department. Officer Lang testified the documents were consistent with records kept by individuals involved in drug distribution. On cross-examination, Officer Lang admitted he did not know who made the records, when they were made, or where they were made. Further, Officer Lang testified the documents were also consistent with gambling records. When defense counsel asked Officer Lang if he was any more knowledgeable than his fellow officers in the details, practices, and procedures of drug records generally, Officer Lang responded he was not. Defense counsel objected to the introduction of Officer Lang's testimony. The objection was overruled.

A jury subsequently found Breton guilty of conspiracy to distribute or possess with intent to distribute over 500 grams of cocaine, and possession with intent to distribute less than 500 grams of cocaine.

---

[1] The Honorable Laurie Smith Camp, United States District Judge for the District of Nebraska.

## II. DISCUSSION

Brenton argues the district court[2] erred on three separate grounds when it permitted Officer Lang to testify at trial. We review the district court's evidentiary rulings for an abuse of discretion. Old Chief v. United States, 519 U.S. 172, 174 n.1 (1997).

First, Brenton contends she did not receive notice from the government that Officer Lang would be called as an expert witness until one day before trial. Brenton argues the government's omission was prejudicial because it prevented her from preparing a proper cross-examination for Officer Lang. However, Rule 16(a)(1)(G) of the Federal Rules of Criminal Procedure places an affirmative obligation on the defendant to request a list of the witnesses the government intends to use in its case-in-chief. See Fed. R. Crim. P. 16(a)(1)(G). The record does not reveal, nor does Brenton claim, that she made any such request prior to trial. Therefore, there was no error.

Second, Brenton argues the district court erred when it permitted Officer Lang to testify because his testimony was overly speculative, and "[e]xpert testimony that is speculative is not competent proof and contributes nothing to a legally sufficient evidentiary basis." Concord Boat Corp. v. Brunswick Corp., 207 F.3d 1039, 1057 (8th Cir. 2000) (internal citations omitted). However, we have made clear that an expert's testimony generally goes to credibility, not admissibility. McKnight v. Johnson Controls, Inc., 36 F.3d 1396, 1408 (8th Cir. 1994). Expert opinion is overly speculative, and therefore inadmissible, only where "it is so fundamentally

---

[2]Brenton filed a motion in limine to preclude the government from introducing the records recovered from her house. She also objected to the introduction of Officer Lang's testimony at trial. Therefore we assume, for purposes of this appeal, that Brenton properly preserved any alleged trial error regarding the introduction of Officer Lang's testimony.

unsupported that it can offer no assistance to the jury." Id. (internal citations omitted). Before testifying about the records recovered from Brenton's home, Officer Lang provided testimony detailing the knowledge, training, and experience he had acquired conducting drug investigations as a police officer with the Omaha Police Department. This foundation was enough to demonstrate Officer Lang's testimony was capable of offering some assistance to the jury.

Third, Brenton contends the district court erred when it allowed Officer Lang to testify as an expert without first being so recognized by the court. However, the record reveals the district court did qualify Officer Lang as an expert. During voir dire, Officer Lang detailed the extent of his extensive training, knowledge, and experience in drug activities and investigations. Further, Officer Lang stated that he had been recognized previously as an expert witness in both state and federal court. We note that "[i]t is well within the discretion of a district court to allow law enforcement officials to testify as experts concerning the modus operandi of drug dealers." United States v. Solorio-Tafolla, 324 F.3d 964, 966 (8th Cir. 2003). Given the record before us, we believe the district court recognized Officer Lang as an expert before he testified and, therefore, there was no error.

Brenton next contests the jury's verdict. Specifically, Brenton disputes the jury's drug quantity findings. Our standard of review in these instances is strict. United States v. Sanders, 341 F.3d 809, 815 (8th Cir. 2003). We are required to consider the evidence in the light most favorable to the government, drawing all reasonable inferences from the evidence in the government's favor. Id.

Brenton's conviction is supported by the testimony of Jared Welsh, who stated he began purchasing "8-balls" (one eighth of an ounce), quarter-ounce, and half-ounce quantities of cocaine from Brenton in December 2003. Welsh further testified that, in January or February 2004, he began purchasing at least one ounce of cocaine, each week, from Brenton until her arrest on April 28, 2004. Welsh stated this estimate was

-4-

"conservative." Brenton urges the court to disregard Welsh's testimony because, on previous occasions, he provided officers with conflicting accounts regarding the amount of drugs he purchased from Brenton. However, we will not consider attacks on witness credibility when evaluating an appeal based on sufficiency of the evidence. United States v. Funchess, 422 F.3d 698, 701 (8th Cir. 2005). The record testimony of Welsh, viewed in the light most favorable to the government, is sufficient to support the jury's drug quantity findings and its verdict.

Finally, Brenton argues the district court erred when it denied her two motions for continuance. We review these rulings for an abuse of discretion. United States v. Vesey, 330 F.3d 1070, 1071 (8th Cir. 2003). We note that prior to Brenton's last two motions for continuance, she sought and received several continuances. Moreover, the record reveals Brenton used several delaying tactics as her case was proceeding to trial. Although a defendant maintains the right to select counsel of her choice, this right should not be manipulated to delay the orderly administration of justice. United States v. Swinney, 970 F.2d 494, 499 (8th Cir. 1992). The record supports the conclusion that Brenton's motions for continuance were simply the latest in a series of measures aimed at delaying trial. Therefore, the district court did not abuse its discretion when it denied these motions.[3]

### III. CONCLUSION

We affirm the district court's evidentiary rulings, its denial of Brenton's motions for continuance, and the jury's verdict.

A TRUE COPY OF THE ORIGINAL
MICHAEL E. GANS, CLERK
UNITED STATES COURT OF APPEALS
FOR THE EIGHTH CIRCUIT
BY: *Michael E. Gans*

---

[3] Brenton also filed a pro se brief asserting several other bases for appeal. After review, we find these claims to be meritless.