IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 8:04CR262 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| BRANDY K. BRENTON, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on its own motion.

On September 26, 2007, a party unknown to the Court personally delivered the following documents to the Clerk of the Court: Defendant's Motion for Court to Take Judicial Notice of Non-waiver via Affidavit of Attorney-Client Privilege; Motion for Disqualification of Judge Smith Camp;[1] Affidavit of Brandy K. Brenton in Support of 28 U.S.C. § 2255 Petition; Renewed Motion for Release of Sealed Transcripts; Motion for Evidentiary Hearing; and Pro-se 28 U.S.C. § Memorandum of Law in Support of 28 U.S.C. § 2255 Petition.[2]

None of these materials is signed as required by Rule 2 of the Rules Governing Section 2255 Proceedings. The § 2255 petition is not separately filed, but rather is sandwiched between the first and last pages of a motion to recuse. The brief includes numerous attachments in violation of NECrimR 12.3(b)(2). The motions were not served on the government as required by NECrimR 49.5 and Federal Rule of Criminal Procedure

---

[1] The recusal motion does not argue the issue of recusal, but rather consists of the § 2255 petition.

[2] The brief includes several attachments.

49.  Therefore, the materials will not be filed.  Rather, they will be mailed to the Defendant at her last known address.

    IT IS ORDERED:

    1.    The Clerk shall return the documents in question to the Defendant at her last known address; and

    2.    The Clerk shall mail the Defendant a copy of this Order at her last known address.

    DATED this 3rd day of October, 2007.

                                      BY THE COURT:

                                      s/Laurie Smith Camp
                                      United States District Judge