IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 8:04CR262 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MEMORANDUM |
| vs. | ) | AND ORDER |
| | ) | |
| BRANDY K. BRENTON, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on the motion filed on behalf of the Defendant, Brandy K. Brenton, to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 ("§ 2255 motion") (Filing No. 140). The motion is accompanied by an affidavit and a supporting brief (Filing Nos. 141, 142.)

Rule 4(b) of the *Rules Governing Section 2255 Proceedings for the United States District Courts* requires initial review of a § 2255 motion, and describes the initial review process:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

*Timeliness*

On October 2, 2006, the Supreme Court denied certiorari in this case. (Filing No. 126.) Under 28 U.S.C. § 2255, a defendant has one year to file a § 2255 motion from "the date on which the judgment of conviction becomes final." Therefore, the one-year period in this case began to run on October 2, 2006. *Campbell-Fabela v. United States,* 339 F.3d

993, 993-94 (8th Cir. 2003).  Because Brenton's § 2255 motion was filed on October 19, 2007, the motion is untimely.[1]

*Signature/Power of Attorney*

Prior to the filing of the motion, affidavit and brief on behalf of Ms. Brenton, the Court received from the Clerk a proposed filing, a power of attorney.  Because there was no showing that Ms. Brenton is incapacitated or otherwise unable to handle her own pro se legal affairs, the Court directed the Clerk to return the power of attorney to Ms. Brenton.  The motion, affidavit and supporting brief were then hand-delivered to the Clerk by a person other than Ms. Brenton.  The Court directed that the documents be filed so that they may be addressed in this Memorandum and Order.[2]

The motion, affidavit and brief ("documents") were signed not by Ms. Brenton, but rather as follows:

(For) Brandy K. Brenton

(By) Thomas P. Mitchell (Power of Attorney)

(Filing Nos. 140, 141, 142.)

The federal rules require that every "pleading, motion, and other paper" "be signed by at least one attorney of record in the attorney's individual name, or, if the party is not represented by an attorney, shall be signed by the party."  Fed. R. Civ. P. 11(a).  The rule further states that unsigned papers shall be "stricken unless omission of the signature is

---

[1] The documents were signed on October 18 and October 19, 2007.

[2] On October 3, 2007, unsigned documents were delivered to the Court by an unknown person on behalf of Brenton.  Because the documents were unsigned, poorly assembled, and uncertain in nature due at least in part to their presentation, the Court returned them to the Defendant.  (Filing No. 139.)

corrected promptly after being called to the attention of the attorney or party." *Id.* The purpose of Rule 11 has been said to be the prevention of representation of parties by nonlawyers. 5A C. WRIGHT & A. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1333, AT 513 & N.15 (2004).

In a somewhat similar case, in order to circumvent the requirement of Rule 11(a) plaintiffs filed a power of attorney to allow only one plaintiff to sign documents submitted on behalf of all plaintiffs. The plaintiffs argued in support of their request that the court honor the power of attorney that they were housed in "Supermax" and therefore it was difficult to circulate papers and obtain all of the needed signatures. Denying their request, the court reasoned that Rule 11(a) makes no exceptions to the rule that parties must sign their own documents submitted to the court. The court further stated that the plaintiffs chose to file their lawsuit together, and requiring a party's signature is the only way to assure that a plaintiff consents to the filing of certain documents in his or her behalf. *Johnson v. O'Donnell,* 2001 WL 34372892, at *11 (W.D. Wis. Aug. 24, 2001).

Although in this case the Court is presented with only one party desiring to proceed by granting a power of attorney, the Court agrees with the reasoning of the Wisconsin court. Brenton chose to file a § 2255 motion. She is housed in a U.S. Bureau of Prisons facility. No showing of incapacity has been made. Brenton, as any other inmate, has the ability to prepare, sign and file her own legal documents. Absent this clear involvement of Brenton, the Court cannot be assured that the statements and arguments made are those of Brenton. Furthermore, the Court will not enable a third party to participate in the unauthorized practice of law. The Court will not accept a power of attorney in this case absent a convincing showing of medical incapacity. Although this matter is moot insofar

as the § 2255 motion due to the untimeliness of the motion, the Court hereby places Brenton on notice that any further filings through an attempted power of attorney may result in sanctions against Brenton and/or the signer.  5A C. Wright & A. Miller, at 508 & n.3.

IT IS ORDERED:

1. The Court has completed the initial review of the Defendant's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (Filing No. 140);

2. Upon initial review, the Court summarily denies the Defendant's § 2255 motion as untimely, and therefore the motion (Filing No. 140) is summarily denied;

3. A separate Judgment will be issued denying the § 2255 motion; and

4. The Clerk is directed to mail a copy of this Memorandum and Order to the Defendant at his last known address.

DATED this 23rd day of October, 2007.

BY THE COURT:

S/Laurie Smith Camp
United States District Judge