IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 8:04CR262 |
| | ) | |
| v. | ) | |
| | ) | |
| BRANDY K. BRENTON, | ) | MEMORANDUM OPINION |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on defendant's motion filed pursuant to Title 28, United States Code, § 2255, to vacate, set aside or correct her sentence (Filing No. 140). Subsequent to the filing of this motion, this case was transferred from the docket of the Honorable Laurie Smith Camp to the undersigned. The Court has previously found that the defendant's § 2255 motion has been timely filed and ordered briefing by the parties.

Ths Court has now reviewed the following materials: defendant's motion (Filing No. 140), the supporting briefs (Filing Nos. 142 and 167), the government's response (Filing No. 159), and the government's brief and index of evidence (Filing Nos. 160 and 161). The Court has also reviewed the transcript of the trial (Filing Nos. 99-105, inclusive), and has reviewed the Court's charge to the jury (Filing No. 74). In addition, the Court has reviewed the briefs of the parties filed with the

United States Court of Appeals for the Eighth Circuit and the decision of that Court (Filing No. 119).

## CLAIMS OF THE DEFENDANT

In her § 2255 motion, the defendant sets forth the following sixteen grounds as the basis for that motion:

> I.  Petitioner was denied her right of appeal under the Fifth and Sixth Amendments by the Eighth Circuit refusing to remove former-trial counsel from representation of Petitioner on Appeal for conflict of interest, upon Petitioner's motions to do so.
>
> II.  The Panels decision to accept Pro-se supplemental briefing from petitioner, then never reach a factual determination between Hunter B. Sadle's brief, which held petitioner responsible for the defense continuances and petitioners brief, which documented petitioner was not responsible for the delays robbed petitioner of her right of direct appeal under the Fifth and Sixth amendment(s) of the United States constitution.
>
> III.  The decision of the panel did not reach the constitutional directives set forth by the Supreme Court on review of appeals on their merits, which allows review of all issues that should have been reviewed De Nova, to now be reviewed in this 28 U.S.C. § 2255 Petition.
>
> IV.  Judge Smith-Camp violated petitioner's substantive and due process of law rights under the Fifth Amendment of the United States constitution by not

conducting a constitutionally correct hearing into the matter, once, petitioner noticed the court pursuant to Rule 44(c) of the Federal Rules of Criminal Procedure, that attorney Davis was making materially false statements to the court, that created an irreconcilable ongoing conflict of interest with petitioner, pre and post trial, via the new trial motion, and lastly at the sentencing of petitioner on July 27th, 2005.

V.   Petitioner's conviction must be reversed due to the wrongful denial of trial counsel of choice Michael Barth of Burlington, Wisconsin, upon the due process of law clause of the Fifth Amendment and the Sixth Amendment right to counsel of choice structural error doctrine.

VI.   The 5 Kilogram conspiracy objective of Count I was constructively amended through jury instruction No. 14, and the related special verdict form, to deprive the petitioner of her Fifth Amendment due process of law right to a general verdict of not guilty or guilty as charged by the Grand Jury.

VII.  Jury instructions no. 14, 15, impermissible constructively amended the indictment against petitioner in violation of the petitioner's substantive and procedural due process of law right under the Fifth Amendment of the United States constitution.

VIII.  The Double jeopardy provision(s) of the United States constitution forbids retrial of petitioner upon the petite jury's

implicit acquittal of petitioner via the special verdict form stating petitioner did not possess 5 kilograms that was required for a conviction as to Count I. as charged in the indictment by the Grand Jury.

IX. Petitioner's due process of law Fifth Amendment right to an open and public fair trial, to present her defenses was violated by the ineffective actions of trial counsel Hunter B. Sadle's failure to request the simple possession jury instruction under 28 U.S.C. § 844 and/or buyer-seller instructions.

X. Attorney Sadle's failure to present any documentary evidence and/or related doctor's testimony to support his closing argument of simple possession, rendered him ineffective to the point, petitioner had no defense once A.U.S.A. Stecher pointed out the jury (other than petitioner's self-serving statement, when confronted with the cocaine by the arresting officers) the defense did not present any evidence to support that defense or any evidence to support, that even a car accident took place, injuring petitioner, much less that the cocaine was used for the purpose of self-medication, as alleged by petitioner.

XI. Trial counsel Sadle was ineffective for not interviewing and/or calling alibi witnesses of petitioner (supplied to him by petitioner prior to trial) to support a finding of not guilty to Counts I. and II. of the indictment and/or to establish that the amount of drugs transacted during the

course of the conspiracy referenced in Count I. did not reach the 500 gram level to trigger the imposition of 5 years mandatory minimum sentence, imposed upon the petitioner at time of sentencing.

XII.  Trial counsel Davis and Sadle were ineffective for failing to contact Sherry F. Brenton, the mother of petitioner, to verify, Sherry Brenton had standing policy against warrantless search of her home and to verify that fact Jeffery Faubus had no authority to allow a search, to file a related motion to suppress evidence and related testimony at trial.

XIII.  Attorney Sadle's requirement that the petitioner not take the stand to testify in aid of her alibi, simple possession and buyer-seller defenses violated petitioner's due process of law right under the Fifth Amendment and her right to be heard in open court under the Sixth Amendment of the United States constitution.

XIV.  Judge Smith-Camp's predisposition to the United States Sentencing Guidelines that prohibit a downward departure for those who proceed to trial to display that their conduct did not reach the mandatory minimum level of drug possession and/or distribution to trigger a mandatory minimum sentence, from those who enter a plea allowing the government court to allow a application of acceptance of responsibility 2 level reduction under the U.S.S.G. under the lesser standard than beyond a reasonable doubt violates the equal protection clause of the United States constitution.

>    XV. Trial appellant counsel Hunter B. Sadle was ineffective for advising petitioner to reject the government's plea offer that exposed petitioner to a 10 to 16 month of incarceration, pursuant to a Rule 11(c)(1)(C) plea.
>
>    XVI. Trial-Appellant counsel Hunter B. Sadle cumulative errors pre-trial, at trial and sentencing and in direct appeal of petitioner's conviction were ineffective under the Strickland standard as if petitioner had no counsel at all as defined by the Sixth Amendment of the United States Constitution.

(Verbatim from defendant's motion.)

### DISCUSSION

Grounds 1 through 8, inclusive, and Ground 14 were all raised in defendant's direct appeal to the United States Court of Appeals for the Eighth Circuit from her conviction and sentence, or were the subject of the defendant's petition for writ of certiorari to the United States Supreme Court. Each of these grounds were found to be without merit by the Court of Appeals, and as to Grounds 1-4, were rejected by the decision of the United States Supreme Court denying certiorari.

In *Bear Stops v. United States*, 339 F.3d 778 (8th Cir. 2003), the United States Court of Appeals for the Eighth Circuit stated at Page 780 "'[I]t is well settled that claims which were raised and decided on direct appeal cannot be relitigated on a

motion to vacate pursuant to 28 U.S.C. § 2255.' *United States v. Shavazz*, 657 F.2d 189, 190 (8th Cir. 1981)."

A number of these claims are issues which plaintiff identifies as ineffective assistance of counsel. The United States Supreme Court has long recognized that the Sixth Amendment right to counsel is necessary to protect the fundamental right to a fair trial. *Strickland v. Washington,* 466 U.S. 668, 684 (1984). This right to counsel is "the right to effective assistance of counsel." *Id.* at 686 (quoting *McMann v. Richardson*, 397 U.S. 759, 771, n. 14 (1970)). An ineffective assistance of counsel claim has two components: (1) the defendant must show that counsel's performance was deficient; and (2) the defendant must show that the deficient performance prejudiced the defense. *Strickland*, 466 U.S. at 687.

To demonstrate prejudice, a defendant must show that "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.* at 687. The Supreme Court has stated that "[i]t is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding." *Id.* at 693. Rather, the defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the

outcome." *Id.* at 694.  The Court must ask whether a reasonable probability exists that absent the errors, the factfinder would have a reasonable doubt respecting guilt, based upon the totality of the evidence.  *Id.* at 695.

In Claims 9 and 10, she alleges her counsel's actions were ineffective because he did not seek an instruction on simple possession or on buyer-seller relationship.  The defendant was charged in a two-count indictment.  Count I charged a conspiracy to distribute or possess with intent to distribute cocaine in violation of Title 21, United States Code, § 846, and Count II charged the defendant with possession with intent to distribute cocaine, in violation of Title 21, United States Code, § 841(a)(1) and (b)(1).  It was the government's burden to prove the elements of either or both Count I and Count II beyond a reasonable doubt.

The Court has reviewed the instructions given by Judge Smith Camp, and it was clear that the jury was properly instructed on the elements of the two crimes charged.

It is also clear from the instruction given that if the jury found that defendant simply possessed the drugs for her own use, then the government failed in its proof of the elements of the crime charged in Count I or Count II, and they would have been required to return a verdict of not guilty.  She either was involved in a conspiracy to possess with intent to distribute, or

involved in the actual possession with intent to distribute, and the instructions made it clear that those elements must be found before the defendant could be found guilty of either or both of the two counts.  The evidence was overwhelming that she was involved in the conspiracy charged, and this defense that she was simply a user was adequately presented in Instruction No. 10.  Ground 9 is without merit and will be denied.

Similarly Ground 10 is without merit.  The evidence presented established that she possessed and dealt over 500 grams of cocaine.  The claim that she was in an accident and self-medicated with cocaine does not account for this quantity or refute the testimony dealing with the scope and extent of this conspiracy.  This claimed evidence does not create a probability but for this claimed error, the result would have been different.  Accordingly, her claim as based on Ground 10 will be denied.

In Ground 11, defendant claims that her counsel was ineffective for failing to interview or call alibi witnesses.  The record is unclear as to what their testimony would be other than references to times she would be absent from Omaha.  These absences were very few and were for short periods of time, two or three days, during the period of the conspiracy.  Jared Welsh admitted to that during his testimony, and he also testified that he had overstated the amount of cocaine he had purchased from the defendant.  The proposed evidence would not have refuted Mr.

Welsh's testimony and, at best, would have been cumulative as it relates to her being out of town for a few short periods.  The Court finds that this claim of the defendant does not rise to a level that would justify the Court in finding that the results of this trial would have been any different if that evidence had been pursued in more detail.  Accordingly, the motion as based on Ground 11 will be denied.

Ground 12 deals primarily with her claim that the search of her mother's house was a warrantless search and this should have been attacked by her counsel.  While it was a warrantless search, the evidence is clear (See Exhibit 4 to Filing No. 142) that the officers did obtain permission to search the premises.  The defendant who resided in the premises, although it was owned by her mother, gave consent, and her brother who was taking care of the home in her mother's absence, also gave consent.  In addition, no evidence that was seized during that search was introduced at trial.  For these reasons, the Court finds that this evidence was immaterial, and this claim will be denied.

In Ground 13, she claims that Mr. Sadle required that she not take the stand to testify in aid of her alibi of simple possession and buyer-seller defenses.  Mr. Sadle has submitted an affidavit (Filing No. 161-2) in which he stated that in "preparation for trial, I advised Ms. Brenton of her right to

testify. After discussing the matter, Ms. Brenton specifically told me she did not want to testify. Had she informed me she wanted to testify, I would have called her as a witness." The Court is satisfied that her claim that her attorney refused to let her testify is without merit. The decision that she not testify was her decision and, accordingly, Ground 13 will be denied.

Ground 14 charges that "Judge Smith Camp had a predisposition to the United States Sentencing Guidelines that prohibit a downward departure for those who proceed to trial to display that their conduct did not reach the mandatory minimum level of drug possession and/or distribution to trigger a mandatory minimum sentence." Defendant's claim appears to be based on a statement made to her by Mr. Davis that Judge Smith Camp tends to follow the guidelines in imposing sentences on cocaine distribution. There is no evidence in this record, nor has defendant offered any, that would suggest that such a predisposition existed. Such a ground, if it had any merit, should have been raised on appeal, and it was not. This ground will be denied.

In Ground 15, she claims that her counsel was ineffective for advising her to reject the government's plea agreement that exposed defendant to a ten to sixteen month incarceration pursuant to a Rule 11(c)(1)(C) plea. The affidavit

-11-

of Mr. Sadle rejects this contention.  In his affidavit (Filing No. 161-2), Mr. Sadle stated that the government made a verbal plea offer in exchange for Ms. Brenton's pleading guilty to Count II of the indictment, charging her with possession with intent to distribute less than 500 grams of cocaine, and in exchange, the government would dismiss Count I.  He further stated that the defendant rejected this offer and stated she "wanted her day in court."  This position is also supported by the transcript of a hearing held on March 29, 2005 (Filing No. 100).  By the time of trial, the government was apparently still willing to make this offer, except the amount of cocaine would have to be left to the determination of the district judge.  For these reasons, this claim does not rise to ineffective assistance of counsel and will be denied.

Finally, Ground 16 is a catch-all raising no specific grounds but generally claiming defendant did not get a fair trial; that the cumulative errors, pretrial, at trial and sentence and direct appeal of her conviction, were ineffective under the *Strickland* standard.  However, the Court has reviewed the trial transcript, reviewed the briefs, all of the supporting documents that have been submitted by both defendant and the government, and finds that the record does not support this claim.

Applying the *Strickland* standard, the Court finds that the claimed errors of counsel fail to establish that counsel's performance was deficient. For all of the foregoing reasons, the Court finds that defendant's motion filed pursuant to 28 U.S.C. § 2255 should be denied. A separate order will be entered in accordance with this memorandum opinion.

DATED this 1st day of April, 2009.

BY THE COURT:

/s/ Lyle E. Strom

_____
LYLE E. STROM, Senior Judge
United States District Court